**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SEMEN SHESTAKOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-26-588-R |
| | ) |
| FRED FIGUEROA, et al., | ) |
| | ) |
| Respondents. | ) |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Semen Shestakov, a noncitizen[1] and Ukranian national proceeding pro se,

filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C.

§ 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").  United

States District Judge David L. Russell referred this matter to the undersigned Magistrate

Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Respondents filed a Motion to

Dismiss as Moot ("Motion to Dismiss").  Doc. 10.  Because Petitioner is no longer in ICE

custody and this Court can grant no relief to him, the undersigned recommends the Court

grant the Motion to Dismiss and dismiss the Petition as moot.

## I.   <u>Background and Motion to Dismiss</u>

On March 24, 2026, Petitioner filed his Petition alleging ICE violated his due

process through continued detention in immigration custody and failure to provide a bond

hearing.  Doc. 1 at 2-3.  When he filed his Petition, Petitioner was detained at the

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at 1. Pursuant to the Court's order, Respondents timely responded to the Petition. Doc. 9.

Later, on April 28, 2026, Respondents filed the Motion to Dismiss. Doc. 10. Respondents advised that "during review of Petitioner's detention," ICE "determined that it should exercise its discretion to release Petitioner." *Id*. at 1. Respondents provided a signed copy of an Order of Release on Recognizance, indicating Petitioner's release from ICE custody on April 21, 2026. Doc. 10-1. In connection with filing, Respondents also mailed the Motion to Dismiss to "Petitioner's release address" in Florida. Doc. 10 at 4.

Petitioner did not file any response to the Motion to Dismiss. Further, mail addressed to Petitioner at Diamondback Correctional Facility has been returned to the Court as undeliverable. Doc. 11. And separately, the undersigned has confirmed Petitioner's location in ICE custody no longer appears on ICE's Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 29, 2026).

## II.   Standard of Review

To obtain habeas corpus relief, Petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of*

*Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

### III.   <u>Analysis</u>

Petitioner properly filed his Petition in this district because he was detained here at the time of filing. Doc. 1 at 1; *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting a § 2241 petition "must be filed in the district where the prisoner is confined"). Petitioner satisfied the "in custody" requirement under § 2241 "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (noting that petitioner met the "in custody" requirement of § 2241 because he was "in custody at the time of filing" (quoting 28 U.S.C. § 2241)). "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review, not merely at time the [petition] is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation modified). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation,

3

the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Here, Petitioner is no longer in ICE custody and has been released on an Order of Release on Recognizance, Doc. 10-1. Though jurisdiction attached in this district when Petitioner filed his Petition, his subsequent release from ICE custody may render his Petition moot. The Petition does not become moot, however, merely because Petitioner has been released from ICE custody. If a petitioner "has been released from custody while his or her habeas petition is pending, a court's jurisdiction depends upon the existence of 'collateral consequences . . . adequate to meet Article III's injury-in-fact requirement.'" *King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024) (quoting *Spencer*, 523 U.S. at 14). To overcome mootness after release from custody, a petitioner must show "some concrete and continuing injury" "if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner challenges in his Petition his detention in ICE custody and Respondents' failure to provide a bond hearing. Doc. 1 at 2-3. In similar circumstances, courts have concluded a petitioner's release from immigration custody mooted his habeas challenge to the legality of his detention, where the only possible "continuing injury" or collateral consequence "stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). Further, any determination now as to whether Petitioner's detention violated his due process rights would amount to an advisory opinion

4

that this Court cannot issue. *Id.* (declining "to issue an advisory opinion regarding [petitioner's] entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the [immigration officials'] future conduct" with him).

Petitioner is no longer in ICE custody, and the relief he requests is no longer available and cannot be redressed by a favorable judicial decision. The undersigned is not aware from the record of any collateral consequences to Petitioner that would constitute an exception to the mootness doctrine. No concrete or continuing injury to Petitioner appears to remain after his release on bond, and he did not respond to the Motion to Dismiss. As such, Petitioner's habeas challenge to his detention no longer presents a case or controversy subject to this Court's jurisdiction, and the Petition should be dismissed as moot. *See, e.g.*, *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716 (10th Cir. 2004) (ruling an immigration detainee's habeas challenge to detention was moot when he was released on conditions and "effectively received the relief he has requested"); *Sule v. I.N.S.*, 189 F.3d 478, 1999 WL 668716, at *1 (10th Cir. 1999) (unpublished table decision) (concluding an immigration detainee's release from immigration custody through deportation "mooted his challenge to the legality of his detention"); *Garcia Ramirez v. Chestnut*, No. 26-CV-02549, 2026 WL 1374730, at *1 (E.D. Cal. May 15, 2026) (recommending dismissal of habeas petition as moot because the petitioner's "complaints have been addressed" when she "was granted a bond hearing and released") (R&R); *see also Mounivong v. Bondi*, No. CIV-25-1483-PRW, 2025 WL 3907008 (W.D. Okla. Dec. 22, 2025) (recommending dismissal of habeas petition as moot when petitioner was removed to home country and no longer in ICE custody) (R&R), *adopted*, 2026 WL 69364 (W.D. Okla. Jan. 8, 2026); *Souphanthong*

5

*v. Bondi*, No. CIV-25-1220-D, Doc. 16 (W.D. Okla. Dec. 1, 2025) (same) (R&R), *adopted*, Doc. 20 (W.D. Okla. Dec. 16, 2025).

## IV.     Recommendation and Notice of Right to Object

Petitioner's release from ICE custody renders his Petition moot, as there is no longer an actual case or controversy for the Court to decide.   The undersigned therefore recommends that the Court **GRANT** Respondents' Motion to Dismiss, Doc. 10, and **DISMISS** the Petition, Doc. 1, as moot.[2]

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.[3]   Any objection must be filed not later than **June 22, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).   If a party wishes to respond to the other party's objections, such response must be filed not later than **June 29, 2026**. *See* Fed. R. Civ. P. 72(b)(2).   Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[2] On April 13, 2026, Petitioner filed a motion requesting that the Court order Respondents to provide to him copies of certain immigration documents.  Doc. 7.  Adoption of this Report and Recommendation would moot Petitioner's motion.

[3] The Clerk of Court is directed to mail a copy of this Report and Recommendation to Petitioner's release address, as identified in the Motion to Dismiss.  Doc. 10 at 4.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

7